UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ETHAN THOMPSON,

    Plaintiff,                                           Case No. 17-12065

v.                                                      Honorable John Corbett O'Meara

FLINT TOWNSHIP POLICE
DEPARTMENT,

    Defendant.
                                            /

**OPINION AND ORDER GRANTING
DEFENDANT'S NOVEMBER 15, 2017 MOTION**

This matter came before the court on defendant Flint Township Police Department's November 15, 2017 Motion to Dismiss/For Judgment on the Pleadings and Motion for Summary Judgment. Plaintiff Ethan Thompson filed a response December 6, 2017; and Defendant filed a reply brief December 19, 2017. Pursuant to Local Rule 7.1(f)(1), no oral argument was heard.

**BACKGROUND FACTS**

Plaintiff Ethan Thompson began his employment as a police officer with defendant Flint Township Police Department ("FTPD") January 11, 2016. He started his field training along side Officer Piercey on January 17, 2016, who subsequently reported that he observed Plaintiff having difficulties correctly reading license plate

information, street signs, and house number signs. Piercey also observed that Plaintiff had to position his face within eight to ten inches of the squad car's computer screen to read the information displayed. After learning of Plaintiff's apparent vision impairment, defendant FTPD contacted the Michigan Commission on Law Enforcement Standards ("MCOLES") to have Plaintiff's vision examined.

An ophthalmologist examined Plaintiff's vision and determined that his best corrected vision in his right eye was 20/30. The physician checked the "No" boxes under the Vision Section of Plaintiff's MCOLES Physician's Statement of Applicant's Medical Condition.

After receiving the Statement, the FTPD advised Plaintiff that he did not meet the MCOLES standard for vision and that his MCOLES license could no longer be active. Days later Plaintiff submitted his letter of resignation in which he stated that he was resigning effective immediately, "Due to the fact that my vision is 20/30 in my right eye." Def.'s Ex. C. Shortly thereafter, MCOLES changed Plaintiff's license status from Active to Inactive, thereby rendering Plaintiff ineligible to obtain employment as a police officer with any department in the state of Michigan.

Plaintiff Thompson filed the instant lawsuit claiming the defendant police department discriminated against him in violation of the Americans with Disabilities Act ("ADA").

**LAW AND ANALYSIS**

To establish a *prima facie* case of discrimination under the ADA, "a plaintiff must show that he or she (1) is disabled; (2) otherwise qualified to perform the essential functions of the position, with or without accommodation; and (3) suffered an adverse employment action because of his or her disability." Ferrari v. Ford Motor Co., 826 F.3d 885 (6th Cir. 2016). The only issue in this case is whether Plaintiff was "otherwise qualified to perform the essential functions of the position with or without accommodation."

MCOLES is the sole licensing authority for police officers in the state of Michigan. One who is denied a license form MCOLES "shall not exercise the law enforcement authority described in the laws of this state under which the individual is employed." Mich. Comp. Laws Ann. § 28.609(7). The vision requirements for MCOLES are found at Mich. Admin. Code, R 28.14204, and specifically require both far and near visual acuity in each eye, corrected or uncorrected, of 20/20 or better. MCOLES has exclusive authority to "establish specific tests, procedures, and qualifications for use in determining compliance with the medical standards in R 28.14204 (a) to (e)." To activate a police officer's MCOLES license, police agencies are required to submit proof of compliance with the pre-employment requirements in R 28.14206, which include a medical examination.

As a matter of law, a legally-defined job qualification, as required by MCOLES in this case, is an "essential function" of the job. Brickers v. Cleveland Bd. Of Educ., 145 F.3d 846 (6th Cir. 1998). The United States Supreme Court has held that an employer who requires that an employee meet a federal safety regulation vision standard does not violate the ADA. Alberston's Inc. v. Kirkingburg, 527 U.S. 555 (1999).

This is not a case where an accommodation would allow defendant FTPD to employ plaintiff Thompson as a police officer, as the MCOLES standards are minimum standards. Therefore, there can be no argument whether Plaintiff is able to perform the job given his disqualifying vision. Moreover, the Brickers court held, "a legally-defined job qualification is by its very nature an essential function under § 12111(8), *irrespective of whether the employer adheres to that requirement in all cases.*" Brickers, at 850 (emphasis added). Indeed, in this case the court finds that defendant FTPD's employing plaintiff Thompson would expose the police department to significant liability. Accordingly, Defendant is entitled to summary judgment.

# **ORDER**

It is hereby **ORDERED** that defendant Flint Township Police Department's November 15, 2017 motion is **GRANTED** in its entirety.

s/John Corbett O'Meara<br>United States District Judge

Date: February 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 21, 2018, using the ECF system.

s/William Barkholz<br>Case Manager